AUSA: Margaret Smith Telephone: (313) 226-9135
Special Agent: Bradley Cioma Telephone: (313) 965-2323

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Nicolas Dominique WOODS-GIBBY

Case No. Case: 2:22−mj−30106
Assigned To : Unassigned
Assign. Date : 2/28/2022
USA V. GIBBY (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 28, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:
Seee attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Bradley Cioma
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __February 28, 2022__

_____
Judge's signature

City and state: __Detroit, MI__

Hon. Kimberly G. Altman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Bradley Cioma, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent with the FBI and have been since May of 2017. I am assigned currently to the FBI Detroit Division's Strike Force Group 1. Prior to working at the FBI, I was a police officer for six years in Plymouth Township, Michigan. I have participated in training related to and conducted dozens of investigations of federal and state violations, including crimes of violence, firearms, and drug trafficking.

2. The statements contained in this Affidavit are based on my experience as a special agent, information provided by police officers, other agents of the FBI, and other law enforcement personnel, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience.

3. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

## Probable Cause

4. I am currently investigating Nicolas Dominique WOODS-GIBBY, date of birth xx/xx/1992, for violations of federal law, specifically, 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances.

5. On February 28, 2022, Detectives from the Michigan State Police were observing the public areas of the Greyhound Bus Station in Detroit, Michigan. At approximately 12:45 pm passengers were boarding a bus that was headed from Detroit to the Southern part of the United States, set to depart at approximately 12:50 pm. A male was observed by Detectives inside the Greyhound Bus Station waiting in line to board the outbound bus wearing a backpack. Detective were standing near the outbound bus.

6. The male made eye contact with Detectives, opened his jaw and moved it as if to be loosening it up, he then took a large sip of some ice tea he was holding. Then male then continued forward in the line exiting the interior of the Greyhound Bus Station and moving to the exterior where passengers physically board the bus. Detectives then made verbal contact with the male, asked him how he was doing and where he was headed. The male gave his ticket to Detectives and said he was heading to Charleston. Detectives asked the male what his name was, the male had difficulty speaking and was

hesitant. Detectives then asked the male for his identification, and he started to pat the exterior of his pockets and stated he did not have an identification.

7. Detectives again asked the subject his name and he appeared to be staring at his bus ticket, which Detectives were holding. Detectives explained to the male that they speak to people at the bus station about their travel destinations. The male advised that he was headed to Charleston for a job. Detectives asked the male if his name was Raheem Davis, which was the name observed on his bus ticket, he advised yes it was. Detectives then asked him if he traveled on the Greyhound Bus often, and he hesitated then stated "no".

8. Detectives then told the male they appreciated him speaking with them today and said since you do not have an identification can he provide his date of birth? The male very softly stated his date of birth was December 9. Detectives then asked if he had the year he was born and he stated 1990. Detectives asked if his date of birth was December 9, 1990 and the male stated "yes". Detectives then ran the name Raheem Davis in the Michigan Law Enforcement Information Database (LEIN), which did not show a positive return. Detectives then ran the name in the state of Michigan mug shot and secretary of state repository, it did not show a positive return.

9. Detectives then reapproached the male and advised that the name he provided was not coming back as a valid name in Michigan. The male then provided an

3

address where he lived, Detectives ran the address the man provided and it did not show him registered to that address, it showed two females. Detectives know from their training and experience this is a common behavior of individuals trafficking illegal narcotics to conceal their real identities preventing law enforcement from finding their real name and possibly observing warrants or prior illegal narcotics criminal history.

10. Detectives asked the male why he was headed to Charleston and he stated for a job, advising it was for medical work for approximately 13 weeks. Detectives asked the male if he was from Detroit or Charleston and he stated from Detroit. During this time the male was observed fidgeting and reaching into his pockets, he was advised to please keep his hands out of his pockets until Detectives were done talking with him for safety, he acknowledged that he would. Detectives know from their training and experience this is a common nervous behavior of individuals trafficking illegal narcotics.

11. Detectives asked the male if he had warrants for his arrest and he stated he believed he did for "traffic" advising warrants for traffic violations. The male was then observed fidgeting again and reaching into his pockets, Detectives asked for consent to search his person and pat him down, the male gave consent. Detectives felt a wallet on the right side of his body and observed from the outside of the wallet his identification card. Detectives took out the

4

identification card and observed the name on it to be Nicolas Dominique WOODS-GIBBY with a date of birth of 12/XX/1992, (not the date he provided earlier). WOODS-GIBBY's backpack was then removed from his person, and he was handcuffed.

12. Detectives asked WOODS-GIBBY why he lied about his name, and he stated that he thought he had warrants. Detectives explained that they were at the Greyhound Bus Station looking for subjects who are trafficking illegal narcotics, firearms and who are wanted felons. Detectives asked WOODS-GIBBY if there were any illegal narcotics in his bag, firearms or if he was wanted for any felonies, he stated no. Detectives then asked for consent from WOODS-GIBBY to search his backpack, he advised that he did not want his bag searched. Detectives then asked if a K9 could conduct a sniff of his backpack and he stated yes it could sniff his bag. Detectives then ran WOODS-GIBBY through LEIN and confirmed that he had numerous misdemeanor warrants out of different agencies in Michigan.

13. A Michigan State Police K9 Officer and his K9 were on scene. The K9 conducted a sniff of WOODS-GIBBY's backpack, and it gave a positive indication for illegal narcotics. Detectives then conducted a physical search of the backpack and located numerous pounds of suspected Crystal Methamphetamine inside the bag. A photo appears below:

5



14. Detectives then placed WOODS-GIBBY under arrest for possession of the suspected Methamphetamine. WOODS-GIBBY was transported to the Michigan State Police Detroit Detachment. A TruNarc scan was done on all five packages of the suspected Methamphetamine, they all tested positive for

Methamphetamine. The five packages collectively weighed approximately 2,293.5 grams.



## Conclusion

15. Based on the above information, probable cause exists to believe that, Nicolas Dominique WOODS-GIBBY, violated 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Controlled Substances.

Respectfully submitted,

Bradley Cioma, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence and/or by reliable electronic means.

United States Magistrate Judge

Dated: February 28, 2022

8